UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco Javier DE LA CRUZ–NA-
VARRO, also known as Francisco De
La Cruz–Navarro, also known as
Francisco De La Cruz, Defendant–Ap-
pellant.

No. 11–50771
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 16, 2012.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, San Anto-
nio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Assistant Federal
Public Defender, Federal Public Defend-
er's Office, San Antonio, TX, Henry Jo-
seph Bemporad, Federal Public Defender,
Federal Public Defender's Office, El Paso,
TX, for Defendant–Appellant.

Before DENNIS, CLEMENT, and
OWEN, Circuit Judges.

PER CURIAM: *

Francisco Javier De La Cruz–Navarro
appeals his guidelines-minimum sentence
of 46 months of imprisonment, imposed
following his guilty-plea conviction for ille-
gally reentering the United States in viola-
tion of 8 U.S.C. § 1326. The sentence is
substantively unreasonable, he asserts, be-
cause it is greater than necessary to
achieve the sentencing goals set forth in 18
U.S.C. § 3553(a). De La Cruz–Navarro
argues that the district court failed to give
sufficient weight to his cultural assimila-
tion, specifically that he came to the Unit-
ed States as a young child, went to school
in the United States, speaks English, and
considers the United States his home.
Moreover, he contends that the guidelines
sufficiently accounted for his prior drug
trafficking offense by increasing both his
offense level and his criminal history score.

We review the substantive reasonable-
ness of De La Cruz–Navarro's sentence
for an abuse of discretion, taking into ac-
count the "totality of the circumstances."
*United States v. Rodriguez,* 660 F.3d 231,

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

233 (5th Cir.2011) (quoting *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)) (internal quotation marks omitted); *see also United States v. Gomez–Herrera,* 523 F.3d 554, 565 & n. 6 (5th Cir.2008). Because De La Cruz–Navarro's sentence was within the guidelines range, it is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009) (citing *United States v. Candia,* 454 F.3d 468, 473 (5th Cir.2006)). Although De La Cruz–Navarro challenges that presumption of reasonableness as applied to sentences under U.S.S.G. § 2L1.2, he recognizes that the issue is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009).

De La Cruz–Navarro has failed to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See Cooks,* 589 F.3d at 186. His arguments that he came to this country as a young child and considers it to be home do not render his sentence unreasonable. *See Gomez–Herrera,* 523 F.3d at 565–66. Nor is his disagreement with the district court's assessment of an appropriate sentence under the § 3553(a) factors sufficient to rebut the presumption of reasonableness. *See id.* The judgment of the district court is AFFIRMED.